(C. D. 91)

L. Oppleman, Inc. *v.* United States

</div>

United States Customs Court, Second Division

(Decided February 2, 1939)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. Fitz-Gibbon,* special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit arising at the port of New York brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of numbering machines. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at 27½ per centum ad valorem under paragraph 372 of said act as machines not specially provided for, or, alternatively, at 25 per centum ad valorem under said paragraph 372 as printing machinery.

A sample of the importation is in evidence as Exhibit 1. In addition, the plaintiff offered in evidence the testimony of Samuel Sanders, secretary and general manager of the plaintiff corporation, who, after identifying Exhibit 1, testified that the article was a numbering machine used for the purpose of numbering papers or library cards, either repeating the same number or printing the numbers consecutively; that the numbers are printed on the paper or cards by means of metal type and an inking pad; and that there is a device or mechanism on the machines which prints numbers to run consecutively or to repeat, as desired.

From the evidence and from an examination of the sample we are satisfied that the machines in question are the typical pressure numbering machines found on desks of offices and elsewhere where such numbering is required; that the mechanisms actually print the numbers by means of metal type and ink applied thereto; and that the result of the operation of the machine is the printing of numbers.

The single exception to the specific provision in said paragraph 372 for printing machinery is the particular kind of mechanism which prints textiles. Obviously the present machines are not in that category. Hence we can see no reason for excluding the instant machines from the provision for printing machinery.

We therefore hold the imported articles to be properly dutiable at the rate of 25 per centum ad valorem under the provisions in said paragraph 372 for "printing machinery," as alleged by the plaintiff. That claim is therefore sustained, but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.